IN THE UNITED STATES DISTRCIT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2005 OCT 13 A 9: 26

RODERICK COOPER # 180136 )
DON MARTIN # 184335 )
)
PLANITIFFS, )
)
)
)
)
)
VS. )  COMPLAINT
)
)  CIVIL ACTION NO: 2:05cv981-T
LOUIS BOYD )
ARNOLD HOLT )
SYLVESTER NETTLES, )
DONAL CAMPBELL,

INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACTIES,

DEFENDANTS.

## I. JURISDICTION & VENUE

1. This is civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff(s) seeks declatory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The [Middle District of Alabama] is an appropiate venue under 28 U.S.C. section 1392 (b)(2) because it is where the events giving rise to this claim occured.

## II. PLAINTIFFS

3. Plaintiff, [roderick Cooper, Don Martin], is and was at all times mentioned herein a prisoner of the state of [Alabama] in the custody of the [Alabama] Department of Corrections. He / they are currently confined in [Limestone Correctional Facility], in Harvest, Alabama.

## III. DEFENDANTS

4. Defendant, [Donal Campbell] is the [Commissioner] of the State of [Alabama] He is legally responsible for the overall operation of the Department and each institution under it's jurisdiction, including [Limestone Correctional Facility]

5. Defendant, [Louis Boyd] is the Deputy Warden of [Bullock Correctional Facility]. He is legally responsible for the operation of [Bullock County Facility] and the welfare of the inmates of that prison.

6. Defendant, [Louis Boyd, Sylvester Nettles, Arnold Holt] are supervisors of the State of Alabama Department of Corrections who, at all times mentioned in this complaint, held the rank of [Warden(s), and Captain, and was assigned to the Bullock County Correctional Facility.

7. Each defendant is sued individually and in his official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

## III. FACTS

On August 18, 2004 the above mentioned plaintiffs were subsequently transferred to the Limestone Correctional Facility from the Bullock County Correctional some 240 miles away. Prior to the defendants being transferred to the current facility to which they are housed, the defendants were called by the administraion to inquire as to their knowledge about the quanity of drugs, and other prison contraband that were being bought into the institution by some of the local officers, of which the defendants knew personally from the streets because they had gone to school, and grown up with some of the officers.

Upon the Administration inquiring as to the plaintiffs knowledge about the drugs and other contraband, the plaintiffs then told the Administration that they knew absolutely nothing about the situation that they were being questioned about and did not want to get into the officers business whatever it were that any of them were doing. Administration then told the plaintiffs that they either has (2) choices to which they could choose from. They could either tell the Warden about who was bringing in what and when, or that they could and would be transferred so far away from home that they would not be able to see their families.

The plaintiffs then asked the warden [Boyd] was he trying to get them killed in prison for being a snitch,and for interfering into the officers,and other inmates business?The Warden replied whatever it takes to find the [Horses] that were bringing the contraband into the facility.Again the Warden [Boyd], replied that you have already nearly eliminated one of the two choices that is on the table so what's it gonna be?

On the next day the Warden placed another inmate into segregation that is from the same neighborhood as the two plaintiffs in hopes that he would tell the adminstration what it was that they wanted too know,but subsequently he did not tell the adminstration anthing and was subsequently transferred along with the above named plaintiffs.All of this information that the administration was assumeing after was told to them by an alleged confidential informant.The above named plaintiffs were threatened with being placed into displinary segregation along with the other inmate that was placed into segregation,but the threats were never carried out because of failure of adequate proof that the plaintiffs were involved in any illegal activities inside the institution.

The plaintiffs upon arrival at the current institute filed several greviances to the prison administration and I & I department but till the date of this compliant have not been notified either by the prison administration or by the I & I division, or by the Commissioner to which a greviance had also been filed. The plaintiffs sought to be transferred back close to home,or to the previous facility but the administration at the Bullock Correctional Facility had placed a memo in the plaintiffs prison files " DO NOT RETURN TO BULLOCK-INMATES TOO FAMILIAR WITH STAFF AND ADMINISTRATION",which ultimately became the basis for this lawsuit under the basis of the 14th Amendment of the UNited States Constitution.

Furthermore the plaintiffs further talked to several officers which are employed at this institution,and have several immediate relatives housed at this institution which they work.The officers told the plaintiffs that they knew several of the inmates that were housed at the institution,that they knew from the streets also,and that they had hung out with on the streets,and had grown up in the streets with also.From the information recieved by the plaintiffs from the officers that worked at the current facility,officer Johnson who has been recently hierd informed the plaintiffs that upon him being employed that he had in fact informed the administration and Wardens that he had a first cousin that was housed at the institution,and upon him informing the administration of the relationship -

that then he was asked by the Warden was it gonna be a problem for him to be employed there by him having a cousin housed there,to which he replied no he has a family to take care of and that he had a job too do and therefore nothing was gonna cause him his job or family.Also an officer Kerri Kent has a nephew which is a son of her sister housed at this institution (Jamie Kent) and he also have a uncle that work here by the name of Officer Dunnaway which is officer Ken't uncle also.

    Upon information,and beliefs,and personal knowledge teh palintiffs alleges that Warden Boyd has a nephew,and has had a cousin housed at the same institute in which he was warden and has at plenty of times extended plenty of special priviledges to them,and the other guys from his neighborhood in which he personally know them and or their parents.Furthermore the plaintiffs realleges that in each of the prisons across Alabama there are officers that know personally other inmates from the streets and to transfer plaintiffs on mere suspicion of their involve-ment of whatofficers were doing and because of who they knew did violate the plaintiffs <u>(14th AMENDMENT)</u> of the United States Constitution under the Equal Protection of the law and Due Process of the law.

## IV. EXHAUSTION OF LEGAL REMEDIES

8. Plaintiffs [Roderick Cooper, Don Martin] used the prison greviance procedure procedure available at [Limestone Correctional Facility] to try and solve the problem. On [January 6,2005] plaintiffs [DonMartin, Roderick] presented the facts relating to this complaint. On [--] the plaintiffs [Roderick Cooper, DonMartin] has still to recieve a response saying that the complaint or greviance was denied. On [April 6,2005] they appealed the apparent denial of the greviance.

## V. LEGAL CLIAMS

9. Plaintiffs reallege and reincoporate by reference paragraphs 1-9

10. The [Racial Discrimination, Equal Protection Violation] violated plaintiffs [Roderick Cooper, Don Martin] rights and constituted a [Due Process violation under the Equal Protection of the law] under the [Fourteenth Amendment] to the United States Constitution.

11. The plaintiffs has no plain, adequate or complete remedy at law to redress the wrongs described herein, Plaintiffs has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declatory and injunctive relief which plaintiffs seeks.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, respectfully prays that this court enter judgement granting plaintiffs:

12. A preliminary and permanent injunction ordering defendants [Louis Boyd, Sylvester Nettles, Arnold Holt, Donal Campbell to allow palintiffs [Don Martin, Roderick Cooper] to be allowed to return to the Bullock County Correctional Facility] until plaintiffs are actually caught with drugs and or other prison contraband that poses a threat to the administration or safety of others.

13. Any additional Relief this Court deems just, proper, and equitable.

Dated: _October 4, 2005_

Respectfully Submitted,

Roderick Cooper #180136
Don Martin #184335
Limestone Correctional Facility
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749-7009

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them as true. I certify under penalty of perjury that the foregoing is true as correct.

EXECUTED AT [LIMESTONE CORRECTIONAL FACILITY]
ON 10/4/05   HARVEST, ALABAMA 35749-7009

Signature(s)

*Roderick Cooper*

*Don Martin*

DON MARTIN
RODERICK COOPER