**"A M E N D M E N T  T O  C O M P L A I N T"**

DID THE DEFERNDANTS VIOLATE THE PLAINTIFFS DUE PROCESS RIGHTS
AND EQUAL PROTECTION OF THE LAW UNDER THE 14th AMENDMENT OF
THE UNITED STATES CONSTITUTION?

In the instant case the plaintiffs alleges that their Due Process, Equal Protection of the law rights were violated under the 14th Amendment of the constitution in that, the defendants transfered the plaintiffs to a different facility upon the mere suspicion and information of an alleged confidential informant inside the institution that the plaintiffs had their "homeboys" to bring them in drugs, and other contraband inside the facility.

The plaintiffs argue that if the administration was gonna transfer them based on a suspicion and that because the fact that they knew the officers that worked inside the institution, then they were discriminated against because in nearly each and every institution in the state, there are some officers, and inmates that knew each other from the streets and that mere fact does not mean that the administration could hav assumed that they had the officers to carry contraband for them nor for anyone else just because they knew the officers.

Furthermore the plaintiffs demonstrated that they were discriminated against because at several institutions there are immediate family members that work, and are housed at the same institute, and the plaintiffs even gave the names of such in their petitions. Equal protection of the law requires that ][People] in similar situations be treated the same, and espically under the same circumstances. So the plaintiffs argue that if the administration without solid proof of their allegations just up and transferred them then the administration should at all of the institutions in the state, transfer everyone that knows someone from the

institution in which they are housed to be transferred as the plaintiffs have been subjected too the same type of transfers. Furthermore the plaintiffs argue that the prison administration targeted them because they were both black, and that the reason the administration placed a restriction in their prison files stating that they were not to be returned to the Bullock Correctional Facility is because of their race and the fact that they stayed close to the facility before becoming incarcerated. The state cannot refute the fact that there are numerous of people that work and are housed in the same institution that know each other personally. **HUEYTOWN V. JIFFY CHEK CO.** 342 So.2d 761 (Ala.Crim. App.1977) See also City of Birmingham V. Stacy William Co.Inc. 365 So.2d 608 (Ala.Crim.App.1978)

   The Equal Protection Clause does not mean that a state may not draw lines that treat one class of INdividuals differently from the others. The test is wheter the difference in treament is an individious case of discrimination. **LEHNHAUSEN V. LAKE SHORE AUTO PARTS CO.** 410 U.S.356, 35 L.Ed 2d 351 (1973) Classification of subjects in a statue is not arbitrary and invalid if based on some difference which bears a reasonable and just relation to the attempted classification. **Board of Comm'rs of City of Mobile V. Orr** 181 Ala.308, 61 So 920 (1913)
Since this case involves neither a "suspect class' nor a "fundamental right" the rational basis test is the proper test to apply to either a substantive due process challenge or an equal protection challenge. **Gideon V. Ala. State Ethics Commision** 379 So.2d 570 (Ala.1980)