IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RODERICK COOPER, #180136,

    Plaintiff,

v.                                    Civil Action No: 2:05-CV-981-T

Louis Boyd, et.al.,

    Defendant.

## OBJECTION TO MAGISTRATE JUDGE'S ORDER
## DATED OCTOBER 18th, 2005

    Comes now the plaintiff, Roderick Cooper, pro-se, and through inmate assistance, and moves this Honorable Court to set aside the Magistrate Judge's order dated October 18th, 2005, granting leave to proceed in forma pauperis filed by plaintiff on October 13th, 2005. Pursuant to the "CONSOLIDATED APPROPRIATIONS ACT of 2005", the filing fee for civil actions has increased to $250.00, from the $150.00 that plaintiff was willing to pay. The Magistrate Judge order violates plaintiff's Due Process, and prays that this court will overrule the Magistrate Judge's order and dismiss plaintiff's 42 U.S.C. § 1983 complaint without prejudice, and without plaintiff haing to pay the cost of filing fees; and for good cause plaintiff Cooper shows this Court why this objection should be granted;

1. Plaintiff Cooper received the "Order" of the Magistrate Judge on or about October 22nd, 2005, granting in forma pauperis under the "Consolidated Appropriations Act of 2005.

2. Plaintiff did not know and did not understand the "NEW" Consolidated Appropriations Act of 2005 until October 22nd 2005.

3. Within the "order on motion", dated October 18th, 2005, it clearly stated;

> NOTICE TO PRISONERS: Pursuant to the 1996 revisions to 28 U.S.C. § 1915, the requisite for filing civil actions in forma pauperis have substantially changed. Additionally, in accordance with the provision of the Consolidated Appropriations Act of 2005, the filing fee for civil actions has increased to $250. The attached notice contains an explanation of these changes.

4. This notice to prisoners, and to plaintiff is not the notification that is required by the Due Process Clause of the Fifth Amendment.

5. Notice "MUST" include prior notice of an action, with the opportunity to either accept or reject the action.

6. The Magistrate Judge did not give the plaintiff an opportunity to be heard upon such "NOTICE", and thereby the magistrate judge's "ORDER GRANTING IN FORMA PAUPERIS" violated the Due process clause.

7. Proceedings must be adequate to safeguard plaintiff's Rights, and had plaintiff knew of the "Consolidated Appropriations Act of 2005", Plaintiff would NOT HAVE FILED HIS 42 U.S.C. §1983 complaint.

WHEREFORE, THE PREMISES CONSIDERED, and founded in tenets of fairness and equity the plaintiff prays that this Honorable Court will reconsider the Magistrate Judge's order dated October

18th, 2005, for lack of notification of the Consolidated Appropriations Act of 2005, and the denial of plaintiff to answer or be heard, and deny plaintiff's in forma pauperis status. Thereby dismissing plaintiff's 42 U.S.C. § 1983 complaint without having to pay cost of filing fees, and without prejudice, and whatever this Honorable Court deems fair and equal.

                                        Respectfully Submitted,
                                        *Roderick Cooper 180136*
                                        RODERICK COOPER #180136

Done this the 7 day of November, 2005.

MEMORANDUM BRIEF IN SUPPORT OF
OBJECTION TO MAGISTRATE JUDGE'S ORDER
DATED OCTOBER 18th, 2005

The Magistrate Judge's denial of plaintiff's right to Due Process was not merely an abuse of discretion, but so grave that it amounted to the denial of a Constitutional Right. His inaction denied plaintiff the right to be heard, and notice of an action, before the action was taken. The fundamental requirement of Due Process is a meaningful opportunity to be heard at a meaningful time. See Parratt v. Taylor, 451 U.S. 527, 100 S. Ct. 1908, 68 L.Ed. 2d 420 (1981) The 11th Circuit have said that Due Process requires the opportunity to be heard at a meaningful time and in a meaningful manner Zipperer v City of Fort Myers, 41 F. 3d 619, 623 (11th Cir. 1995)(Procedure due process requires notice and an opportunity to be heard before any government depriation of a property interest)

Due Process essentially requires that the procedure be fair. The "Consolidated Appropriations Act of 2005", went into effect this year. It is the normal practice of this Circuit and of the United States Supreme Court to give a grace peroid for any "NEW" law that goes into effect. The reason for such a grace peroid is to give a party notice and an opportunity to be heard. See Artuz v. Bennett, 531 U.S. 4, 121 S. Ct. 361, 148 L. ed 2d 213 (2000); Estes v Chapman, 382 F.3d 1237 (11th Cir.)(Explainning that A.E.D P.'S §2244(d), prisoner was given a one year grace peroid from from the enactment date.)

All procedures taken by the Magistrate Judge must comport with due process requirements, these provisions are intended to provide a type of "SAFE HARBOR".

The Magistrate Judge went out side of the scope of due process thereby rendering his Order illegal. For him to take for granted that plaintiff wanted to proceed without giving plaintiff the opportunity to accept or reject the NEW Act was against the law.

For that reason plaintiff's in forma pauperis status should be denied, and plaintiff should not be charged filing fees.

Respectfully Submitted,
*Roderick Cooper*
RODERICK COOPER

CERTIFICATE OF SERVICE

I hereby, certify that I have served a true and correct copy of the foregoing "Objection to Magistrate Judge's Order Dated O October 18th, 2005", via United States Mail Postage prepaid and p properly addressed on this the 19th day of NOvember, 2005, as follows;

Office of the Attorney General
11th- South Union Street
Montgomery, AL  36130-0152

*Roderick Cooper*
RODERICK COOPER