IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **RODERICK COOPER, #180136,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 2:05-CV-981-T |
| ) | |
| **LOUIS BOYD, et al.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## SPECIAL REPORT

Come now the defendants Donal Campbell, Arnold Holt, Louis Boyd and Sylvester Nettles by and through the Attorney General for the State of Alabama, the Honorable Troy King, and in compliance with this Court's Order of October 18, 2005 hereby submit the following Special Report:

### PARTIES

1. Plaintiff Roderick Cooper is an Alabama Department of Corrections (ADOC) inmate currently housed at Limestone Correctional Facility (LCF).

2. Defendant Donal Campbell is currently employed as the Commissioner of ADOC.

3. Defendant Arnold Holt is currently employed as a Correctional Warden III at Bullock Correctional Facility (BCF).

4. Defendant Louis Boyd is currently employed as a Correctional Warden II at BCF.

5.  Defendant Sylvester Nettles is currently employed as a Correctional Officer Supervisor II at BCF.

## ALLEGATIONS

1.  Plaintiff alleges violation of his equal protection and due process rights because he was transferred to another facility based on mere suspicion and information from an alleged confidential informant that plaintiff's "homeboys" brought drugs and other contraband inside the facility to him.

2.  Plaintiff claims that the transfer is discriminatory because his immediate family lives in the vicinity of BCF and he personally knows some of the prison personnel from his prior life outside of the facility. Because of this his file has been marked "DO NOT RETURN TO BULLOCK – IMATES TOO FAMILIAR WITH STAFF AND ADMINISTRATION".

3.  Plaintiff appears to allege that he was retaliated against because he would not tell the administration who was bringing in contraband.

## DEFENDANTS' RESPONSE

Defendants respond to the plaintiff's complaint as follows:

1.  Defendants deny each and every material allegation of the plaintiff and demand strict proof thereof.

2.  Defendants plead the affirmative defenses of absolute and qualified immunity.

3.  Defendants assert that the plaintiff has no liberty interest in his prison assignment.

4. Defendants assert that the plaintiff has failed to state a claim upon which relief can be granted.

5. Defendants deny that any of the plaintiff's constitutional rights have been violated.

6. Defendants assert that the plaintiff has failed to show there is any genuine issue of the material facts of this case.

## FACTS

Inmate Cooper was transferred from BCF to LCF on August 17, 2004. Warden Holt requested plaintiff's transfer to mitigate potential harm to BCF because plaintiff was too familiar with the BCF staff and was exploiting his knowledge. Warden Holt's experience has taught him that plaintiff's acquaintance with BCF's staff endangers the prison security. Warden Holt does not want plaintiff transferred back to BCF and has communicated his desire to Deputy Warden Wise. Warden Holt did not request plaintiff's transfer because of his race, but because he poses a security risk.

Warden Boyd may or may not have questioned plaintiff about drug activities within the facility, but does not recall giving plaintiff an ultimatum.

## DEFENDANTS' EXHIBITS

1. Exhibit "A" – Affidavit of Louis Boyd
2. Exhibit "B" – Affidavit of Sylvester Nettles
3. Exhibit "C" – Affidavit of Arnold Holt

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. *Anderson v. Liberty*

3

*Lobby, Inc.,* 477 U.S. 242, 249-250 (1986). Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. *Celotex Corp. v. Catrett,* 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. *Id.* Merely submitting restated allegations of the complaint is not sufficient to meet the non-movant's burden. *Morisky v. Broward County,* 80 F.3d. 445, 448-449 (11th Cir. 1996). This case is ripe for summary judgment because there is no genuine issue of fact to his claims and the defendants are entitled to judgment as a matter of law.

## ARGUMENT

**A. The defendants did not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment because the plaintiff does not possess a liberty interest in being placed in certain living facilities.**

Due process is required when the State deprives a prisoner of a life, liberty, or property interest. *Kirby v. Siegelman,* 195 F.3d 1285, 1291 (11th Cir. 1999). To invoke the protections of the Due Process Clause, an inmate must possess a liberty interest that is protected by the United States Constitution or in a state law or regulation. *Hewitt v. Helms,* 459 U.S. 460, 466 (1983). In order for the State to confer a liberty interest, (1) the language of the state statute or regulation must restrict the prison official's discretion and (2) the interest must "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidence of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995); *Austin v. Hopper,* 15 F.Supp.2d 1210, 1267 (M.D.Ala. 1998).

**II. Plaintiff has no liberty interest in which facility he is housed.**

Plaintiff has failed to state a claim because he has suffered no constitutionally significant harm, as he has no liberty interest in his prison assignment. The Due Process Clause only protects restraints that impose significant and atypical hardships on the inmate in relation to ordinary prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that inmates had no liberty interest in being free from disciplinary segregation). It has been widely held that prisoners have no liberty interest in their classification status. *Meachum v. Fano*, 427 U.S. 215 (1976) (holding there is no liberty interest in being free from being transferred to a less agreeable prison); *Rodgers v. Singletary*, 142 F.3d 1252, 1253 (11th Cir. 1998) (affirming that two months' confinement to administrative segregation was not a deprivation of constitutionally protected liberty interest); *Moody v. Daggett*, 429 U.S. 78, 88 (1976) (noting that federal inmates have no liberty interest in eligibility for rehabilitative programs); *Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940, 942 (11th Cir.) *cert. denied*, 459 U.S. 1043 (1982) (holding prisoners do not state a due process claim by asserting that erroneous information was used in their parole decisions); *Johnson v. State*, 797 So.2d 1113, 1115 (Ala. Civ. App. 2001). In this case, plaintiff seeks a liberty interest in residing in a different location. As this is not a significant and atypical hardship in relation to the ordinary incidents of prison life, defendants are thus entitled to summary judgment.

The decision as to plaintiff's location was proper in any event, and it is entitled to judicial deference. As the Supreme Court has stated, federal courts "ought to afford appropriate deference and flexibility to state officials trying to manage a volatile (prison) environment. (Citations omitted.) Such flexibility is especially warranted in the fine-

tuning of the ordinary incidents of prison life, a common subject of prisoner claims since *Hewitt*." *Sandin* at 482-483.

### III. Defendants are immune from suit.

Plaintiff's suit is barred under the doctrines of discretionary function and qualified immunity. Qualified immunity protects government officials from civil trials and liability when their conduct "violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting *Lassiter v. Alabama A&M Univ., Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994). The defendants are also entitled to discretionary-function immunity, which protects the discretionary acts of state employees from suit unless a plaintiff can show the employee acted maliciously or in bad faith. *Taylor v. Adams*, 221 F.3d 1254, 1261 (11th Cir. 2000). As plaintiff has not shown that the defendants' acts violated clearly established law, or were done in bad faith, they are immune from suit.

To the extent that the plaintiff asserts his claims against the defendants in their official capacities, the claims must fail because the defendants are entitled to immunity via the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizens. See *Edelman v. Jordan*, 415 U.S. at 663, 94 S. Ct at 1347 and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The defendants were acting within the scope of their official duties in

6

this instance on behalf of the State of Alabama. The State of Alabama has not waived its immunity or consented to the filing of such a suit. The defendants are absolutely immune from suit in this instance. U.S. Const. amend. 11; Art. I, § 14, ALA. Const. (The State of Alabama shall never be made a defendant in any court of law or equity); see also *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (a claim against a state official in his official capacity is a claim against the state).

### IV. Plaintiff fails to establish a retaliation claim.

In an attempt to buttress his transfer claim, plaintiff fabricates a retaliation claim by alleges that the administration is retaliating against him because he would not cooperate with them in their investigation of who was bringing contraband into the prison. However, such a bare-face claim, without more, has no substance.

> The method of establishing a retaliation claim is essentially the same as for a claim of race or sex discrimination. An inmate has the initial burden of establishing a prima facie case of unlawful retaliation by a preponderance of the evidence, which once established raises a presumption that the prison officials retaliated against the inmate. To establish a prima facie case, the inmate must show that he was engaged in protected activity, such as the filing of a lawsuit; that he suffered adverse treatment simultaneously with or subsequent to such activity; and that there was a causal link between the protected activity and the adverse treatment. If the inmate establishes a prima facie case, the burden then shifts to the prison official to rebut the presumption by producing sufficient evidence to raise a genuine issue of fact as to whether the prison official retaliated against the inmate. This may be done by the prison official articulating a <u>legitimate, non-retaliatory reason for the adverse decision, which is clear, reasonably specific and worthy of credence</u>. The prison official has a burden of production, not of persuasion, and thus does not have to persuade a court that he or she was actually motivated by the reason advanced. Once the prison official satisfies this burden of production, the inmate then has the burden of persuading the court that the proffered reason for

> the adverse decision is a pretext for retaliation. The inmate
> may satisfy this burden by persuading the court either
> directly that a retaliatory reason more than likely motivated
> the prison official or indirectly that the proffered reason for
> the adverse decision is not worthy of belief. By so
> persuading the court, the inmate satisfies his ultimate
> burden of demonstrating by a preponderance of the
> evidence that he has been the victim of unlawful retaliation.
> [Emphasis added]

*Butler v. Thomas*, C.A. 87-T-861-N (M.D. Ala., Jan. 22, 1991) (citing *Donnellon v. Fruehauf Corp.*, 794 f.2d 598, 600-01 (11th Cir. 1986); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248 (1981).

Nevertheless, regardless which of the above-presented tests this Honorable Court applies to the facts of the case at bar (whether it be the Seventh Circuit test requiring that a prisoner allege a chronology of events from which retaliation may plausibly be inferred or the shifting burdens test enunciated in *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977) adopted by the Eleventh Circuit in § 1983 retaliatory discharge cases, and adopted by the Middle District of Alabama in prisoner cases), it is clear that plaintiff has failed to do more than merely allege the ultimate fact of retaliation.

Plaintiff does not even allege he was engaged in a lawful activity. Although he has a Fifth Amendment right against self-incrimination, he does not have the constitutional right not to testify against other inmates or correctional officers who illegally bring contraband into the prison. Thus, plaintiff simply fails to state a cause of action.

**V. Plaintiff's claim must fail because there is no respondeat superior liability under a 1983 claim.**

Plaintiff names as one defendant in this action, Commissioner Donal Campbell, but makes no specific allegations against him. Presumably, plaintiff's claim against Commissioner Campbell is an attempt to hold him responsible through the concept of respondeat superior, which is not available to a plaintiff under § 1983. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Absent some allegation that this defendant knew of, sanctioned, participated in, or was otherwise "affirmatively linked" to the acts here complained of, the complaint is insufficient to state a cause of action under 42 U.S.C. § 1983. *See Gilmere v. City of Atlanta, Ga.*, 774 F.2d 1495 (11th Cir. 1985) *cert. denied.* 476 U.S. 1115 (1986).

## CONCLUSION

Based on the foregoing, the defendants respectfully request that summary judgment be entered in their favor.

Respectfully Submitted,
Troy King, Attorney General

/s/ Jeffery H. Long
Jeffery H. Long (LON015)
Assistant Attorney General

**CERTIFICATE OF SERVICE**

    I certify that I have on this the 28th day of November, 2005, filed the foregoing with the Clerk of the Court and served a copy of the same by the United States Mail, postage prepaid, and properly addressed as follows:

Roderick Cooper, AIS 180136
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL 35749

                                                  /s/Jeffery H. Long
                                                  Jeffery H. Long

Address of Counsel:
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130
(334) 242-7555
(334) 242-2433 - fax