RECEIVED
2005 DEC 21
DEBRA P. H[...]
U.S. DISTR[...]
[...]

MEMORANDUM BRIEF IN SUPPORT OF:
MOTION FOR RECONSIDERATION

Under the Rules of Court, and especially the rules of this Circuit, a motion to dismiss a complaint is a pre-trial matter not dispositive of a claim or defense of a party within purview of Fed. R. Civ. P., Rule 72(a). It is within the scope of the Rules of Court for the Magistrate Judge to prescribe a different time frame to answer a order of the court. Rule 72 is for non-dispositive motions and etc, whereas Rule 41, and Rule 15 of the Fed. R. Civ. P. apply to plaintiff. Rule 41 preserves unqualified right of plaintiff to dismissal without prejudice prior to filing of defendant's answer, and after filing of answer, still permit Magistrate to grant dismissal without prejudice upon such terms and conditions as Court deem proper. See Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 67 S.Ct 752, 91 L.Ed 849 (1947) In order for a defendant to file an answer, it must go beyond the 10 day period this Court is now trying to enforce.

Fed. R. Civ. P., Rule 41(a)(ii) also sets out by filing a stipulation of dismissal signed by all parties. By the defendant's not objecting to the Magistrate Judge recommendation, they agreed to dismiss plaintiff's §1983 complaint. This was in the best interest of all parties and in the interest of judicial economics.
The Magistrate Judge's orders of October 17 & 18

2005, was both clearly erroneous and contrary to law, because it violated due process. The cornerstone of Due Process is notice before a action, and the opportunity to be heard. The Supreme Court in <u>Fuentes v. Shevin</u>, 407 U.S. 67, 92 SCt 1983, 32 LEd2d 556 (1972) stated:

> "For more than a century the central meaning of procedural due process has be clear, 'parties whose right are to be affected are entitled to be heard'"

Therefore plaintiff had a right to either accept or reject the new price for filing a § 1983 complaint, before the Magistrate Judge ordered the defendants to answer his complaint, and since plaintiff was informed by this Court that plaintiff could not file "any" motions, and etc, the Court should have issued an order, or gave plaintiff a written time peroid to answer and be heard. Fed. R. Civ. P., Rule 15 as set out by this Court simply states that plaintiff "must";

> "Only by leave of Court or by written consent of the adverse party"

Plaintiff a lay person, and pro-se, was waiting for the Court to notify him that he could file an objection, therefore this Court's rules superseded any rules that may or may not been in effect.

Respectfully Submitted
Roderick Cooper

PAGE 2